IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JANIS MARIE KREITINGER,<br><br>Defendant. | No. CR07-0079-LRR<br><br><br><br>ORDER |

The matter before the court is the defendant's motion for appointment of new counsel (docket no. 36), motion for copies of her medical records from the Linn County Correctional Center and information regarding the status of her personal property (docket no. 37) and motion to compel the U.S. Probation Office to answer questions and provide her with specific information (docket no. 38). The defendant filed her motions on October 6, 2008.

At the same time that she filed the instant motions, the defendant filed a notice of appeal. The Clerk of the Eighth Circuit Court of Appeals addresses matters relating to appellate counsel. Accordingly, the defendant's motion for appointment of new counsel (docket no. 36) is denied without prejudice.

Regarding the last two motions, the defendant filed them while represented by counsel. This is impermissible. The defendant does not have a constitutional right to hybrid representation, that is, the defendant must choose either to proceed pro se or to utilize the full assistance of counsel who would present her defense. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *see also United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984) (stating "[a] defendant in a criminal case does not have a constitutional right both to represent himself and to be represented by counsel" (citing

*United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir. 1978))); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976) (stating "a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel" (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975))); *cf. United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (noting it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel (citing *Hoggard v. Purkett*, 29 F.3d 469, 472 (8th Cir. 1994))). Accordingly, the defendant's motion for copies of her medical records from the Linn County Correctional Center and information regarding the status of her personal property (docket no. 37) and motion to compel the U.S. Probation Office to answer questions and provide her with specific information (docket no. 38) are denied without prejudice. If counsel deems it appropriate to have the court address the issues raised in either motion, counsel is directed to resubmit them.[1]

**IT IS SO ORDERED.**
**DATED** this 8th day of October, 2008.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Although it denied all of the defendant's motions, the court notes that the defendant should directly contact the Linn County Correctional Center if she desires her medical records or information regarding the status of her personal property and that many, if not all, of her concerns can be addressed by the final presentence investigation report.